OPINION OF THE COURT
Edward J. Greenfield, J.
Motion returnable March 21, 1984 and motion No. 76 on the Special Term, Part I Calendar of March 13, 1984, are consolidated for disposition.
Petitioners, a group of needy and homeless individuals who have children attending school, have moved by order to show cause, returnable March 21, 1984, to have this matter certified as a class action and for an order directing respondent, Commissioner of the Human Resources Administration of the City of New York, to provide either for rehousing of families in the area of their children’s school or making available to such families transportation allowances to cover their expenses in going to school. They further request a direction that respondent comply with fair hearing decisions by the New York State Department of Social Services and to apply the principles of such decisions to all homeless and needy families similarly situated.
The underlying proceeding was commenced on December 12, 1983, as a result of the difficulties of families with school age *21 children who were relocated in emergency housing placement facilities at considerable distances from the children’s school. This court had previously signed an interim order in a related proceeding which laid out basic requirements as to emergency housing and that such housing be located in light of the children’s educational needs and requiring the city to provide necessary services. Motion to permit the intervention of other similarly situated individuals is granted and the court will certify this matter as a class action since it is obvious that there are many people who fit in the same category (I am told that there are 2,500 such needy families with two to three children per family) as the original petitioners and that this matter should be decided in connection with generally applicable principles rather than on an individual case-by-case basis.
The December 12, 1983 proceeding was withdrawn when the parties entered into an interim agreement that provided temporary relief by providing that petitioners would be furnished with transportation allowances sufficient to cover the fares that they and their children would incur in attending their original schools. That interim agreement expired, by its terms, on March 13, 1984, and was further extended pending the hearing of this argument on March 21, 1984.
The New York State Department of Social Services has already determined after fair hearings for individual families that the Human Resources Administration, in accordance with this court’s order, should either house the applicant in the location within her child’s school area or alternatively provide payment of those funds necessary to meet the extraordinary travel expenses incurred at their present location and to reimburse for any such expenses already incurred. The counsel for petitioners complains that despite this, the respondents have refused to institute procedures on a system-wide basis to provide for actual transportation costs.
In response to the recognized need created by having to travel long distances to have the parents get their children to school, we are informed that the respondent agency has approved a transportation allowance of $18 per week for a parent, but not for the child, on the theory that the children are eligible to receive bus and train passes from the Board of Education. Petitioners contend that this does not adequately resolve the • problem.
At current fares, five days’ transportation is $18 to drop off and pick up. If travel from the emergency housing facility to the school involves bus and subway, or subway and bus at both ends, *22 the amount involved doubles or triples accordingly. The court is informed that some of the children have to travel up to three ham-s in each direction, or six hours daily to attend their schools.
Inasmuch as the city obviously has great difficulty in relocating a family by fire or eviction in its original neighborhood, attending the local school remains one of the only stable links left to such a family and if that family cannot be relocated near a school, the next best thing is to provide the wherewithal for the necessary travel.
The policy adopted by the city agency, if there is a system-wide policy, does not appear to be adequate. One general rule has been formulated to cover all situations, because, respondents say, it is administratively less difficult to have such an over-all rule than to deal with the requirements of individual cases. This is like providing a suit in only one size to cover everybody, whether the sleeves overhang the hands by four inches or whether the wearer is about to burst out in every direction. While it is true that most children will receive bus and train passes when required, the fact is that for varying reasons some have not and sometimes there is a lapse of time before such passes are issued. When some children are incurring substantial transportation expenses because they do not have bus or train passes, it is no answer to say that provision need not be made because most of the children do have them. Similarly, a blanket rule as to a parent’s transportation allowance does not adequately deal with all cases. Parents of high school children do not have the same needs as the parents of first graders. Those whose journey encompasses multiple fares have greater needs than those on a direct route. Even for the provision of emergency shelter, it is no kindness to provide a Procrustean bed. Respondent must fine tune its policy so that those with genuine needs are not undercompensated, while those without such needs receive a modest windfall. The grants of assistance which are provided are meager enough without requiring that they be depleted by genuine expenses incurred for the schooling of children. No family should have to make the hard choice between eating and education. Petitioners’ motion is granted. In view of the ongoing nature, and the lack of adequate general provision, the matter is not moot and the cross motion to dismiss is denied.